UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DANIEL H. JONES, # 443638, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No. 2:14-cv-380-RLJ ) |
| ROBERT H. MONTGOMERY, Jr., Judge; KENT L. CHITWOOD, District Attorney; and GREGORY W. FRANCISCO, Esq., Attorney at Law, | ) ) ) ) ) |
| *Defendants*. | ) ) |

## MEMORANDUM

State prisoner Daniel H. Jones originally filed this *pro se* civil rights action for injunctive and monetary relief, 42 U.S.C. § 1983, in the Middle District of Tennessee, which assessed the filing fee and then transferred the case to this district. The defendants are a state criminal court judge, a district attorney, and a private attorney.

The allegations in plaintiff's complaint center on state judicial criminal proceedings against him which were presided over by the judicial defendant, prosecuted by the defendant state's attorney, and defended against by defendant private attorney, who was appointed to represent plaintiff. Plaintiff contends that his jury trial was rife with infirmities, that he was illegally sentenced and (by inference) subjected to double jeopardy, and that he was unconstitutionally retried in the Sullivan County Criminal Court, based on an indictment which had been dismissed for insufficient

evidence by the General Sessions Court during his preliminary hearing. Plaintiff alleges that he filed a suit in the Sullivan County Circuit Court under Tennessee's Governmental Tort Liability Act, Tenn. Code. Ann. 29-20-102 *et seq.*, asserting that the defendants acted with malicious intent and in contempt of the lower state court's order in continuing to prosecute him, after his multiple charges had been dismissed. The suit was dismissed and plaintiff was unsuccessful on appeal to the Tennessee appellate courts.

Plaintiff would have this Court reinstate his state tort suit, allow the parties to proceed to mediation or, alternatively, require the trial court to schedule a conference hearing to settle all disputes, as dictated by state procedural rules.

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If so, the complaint must be dismissed. The Court has determined that, based upon the following law and analysis, it lacks jurisdiction over this suit.

Under the doctrine which evolved from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia v. Feldman*, 460 U.S. 462 (1983), a district court lacks jurisdiction to review, modify, or reverse a judicial determination made by a state court, even if that determination is challenged as unconstitutional. *Rooker*, 263 U.S. at

2

414-16; *Feldman*, 460 U.S. at 483 n.16. As explained recently by the Supreme Court, "[t]he *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

Plaintiff's complaint falls within the scope of this doctrine because he would have this Court reject the state court judgment rendered in his state tort lawsuit, reinstate his suit, and order mediation or a scheduling hearing. *See Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) ("[T]he pertinent inquiry after *Exxon* is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment . . . .") (citing *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)).

Because the Court lacks jurisdiction over these *Rooker-Feldman*-barred claims, this instant § 1983 civil rights case will be **DISMISSED** by a separate order.

**ENTER:**

LEON JORDAN
UNITED STATES DISTRICT JUDGE

3